IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Megan Calhoun Jones,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**Midland Credit Management, Inc.,** *et* )<br>*al.*, )<br>)<br>    **Defendants.** )<br>) | **CASE NO.:** _____ |

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S**
<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Midland Credit Management, Inc. ("Midland") hereby removes this action to the United States District Court for the Northern District of Alabama and further states as follows:

1.  Plaintiff Megan Calhoun Jones filed this action against Midland and several fictitious defendants in the Circuit Court of Jefferson County, Alabama (Birmingham Division) on March 22, 2024.[1]  In her complaint, Plaintiff asserts a

---

[1] *See Megan Calhoun Jones v. Midland Credit Management, Inc.; et al.*, Pl.'s Compl., No. 2024-cv-901254.00 (Cir. Ct. Jefferson Cnty., Ala. (Birmingham Div.), Mar. 22, 2024).  Along with the other requisite underlying court filings and submissions, a copy of Plaintiff's complaint is included within Exhibit 1 hereto.

single claim—*i.e.*, a federal Fair Debt Collection Practices Act ("FDCPA") count against Midland.[2]

2.      Plaintiff alleges that she suffered injuries and damages and that such claimed injuries and damages were caused by Midland, and Plaintiff is seeking redress for said alleged injuries and damages in this litigation.[3]

3.      Plaintiff's complaint was served on Midland's registered agent on April 3, 2024.[4]

4.      This notice of removal is timely given that it is being filed within thirty (30) days of Midland's receipt of Plaintiff's complaint. *See* 28 U.S.C. § 1446(b)(1).

5.      This Court has jurisdiction over this action on the basis of federal question jurisdiction in that Plaintiff's complaint asserts a single claim, and said claim arises under the Constitution, laws, or treaties of the United States—*i.e.*, Plaintiff's FDCPA (*see* 15 U.S.C. § 1692, *et seq.*) count.[5] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under

---

[2] *See Jones*, Pl.'s Compl. at p. 7, ¶¶ 23-24, No. 2024-cv-901254.00 (Cir. Ct. Jefferson Cnty., Ala. (Birmingham Div.), Mar. 22, 2024).

[3] *See Jones*, Pl.'s Compl., No. 2024-cv-901254.00 (Cir. Ct. Jefferson Cnty., Ala. (Birmingham Div.), Mar. 22, 2024).

[4] *See Jones*, Service Return, No. 2024-cv-901254.00 (Cir. Ct. Jefferson Cnty., Ala. (Birmingham Div.), Apr. 8, 2024) (denoting a service date of April 3, 2024).

[5] *See Jones*, Pl.'s Compl. at p. 7, ¶¶ 23-24, No. 2024-cv-901254.00 (Cir. Ct. Jefferson Cnty., Ala. (Birmingham Div.), Mar. 22, 2024).

the Constitution, laws, or treaties of the United States.").[6] Thus, this Court has original subject matter jurisdiction over this case.

6. This action may be removed to this Court pursuant to 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").[7]

7. Pursuant to 28 U.S.C. § 1446(a), Midland has attached copies of all process, pleadings, orders, and other papers served or otherwise filed in the underlying action.[8]

8. On the date of this filing, and as required by 28 U.S.C. § 1446(d), Midland will provide written notice of the filing of this notice of removal to Plaintiff, and Midland will file a true and correct copy of the same with the Clerk of the Circuit Court of Jefferson County, Alabama (Birmingham Division).

---

[6] *See also* 15 U.S.C. § 1692k(d) (providing that "an action to enforce any liability created by this title may be brought in any appropriate United States district court without regarding to the amount in controversy").

[7] *Cf., e.g., Scheffler v. Gurstel Chargo, P.A.*, 902 F.3d 757, 760 (8th Cir. 2018) (action appropriately removed from state court to federal court where plaintiff's "operative complaint alleged that [defendant] violated his rights under provisions of the FDCPA").

[8] *See* Ex. 1.

3

9. No admission of fact, law, or liability is intended by this notice of removal, and all defenses, pleadings, and motions are expressly reserved.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully provides notice that the above-captioned action is removed to the United States District Court for the Northern District of Alabama (Southern Division).

Respectfully submitted,

One of the Attorneys for Defendant,
Midland Credit Management, Inc.

**OF COUNSEL:**

Jason B. Tompkins (jtompkins@balch.com)
Thomas R. DeBray, Jr. (tdebray@balch.com)
Balch & Bingham LLP
1901 6th Avenue North, Suite 1500
Birmingham, Alabama 35203

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of May, 2024, I served the foregoing and attached via electronic mail and/or U.S. Mail (postage prepaid) on the following:

John G. Watts (john@wattsherring.com)
M. Stan Herring (stan@wattsherring.com)
Patricia S. Lockhart (patricia@wattsherring.com)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

Of Counsel

# Exhibit 1

ELECTRONICALLY FILED
3/22/2024 12:30 PM
01-CV-2024-901254.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>01-<br>Date of Filing:<br>03/22/2024 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**MEGAN CALHOUN JONES v. MIDLAND CREDIT MANAGEMENT, INC.**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other
**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** WAT056     3/22/2024 12:30:25 PM     /s/ JOHN GRIFFIN WATTS
                              Date                      Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 2
Case 2:24-cv-00544-ACA   Document 1   Filed 05/02/24   Page 7 of 20

ELECTRONICALLY FILED
3/22/2024 12:30 PM
01-CV-2024-901254.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **MEGAN CALHOUN JONES,** an individual, | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) |
| **MIDLAND CREDIT MANAGEMENT, INC.;** Fictitious Defendants "A", "B" and "C" thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the Complaint; Names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

Civil Action No.:

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant[1] states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[2], 15 U.S.C. § 1692 et seq. ("FDCPA") by the

---

[1] "Defendant" means all defendants, including fictitiously named defendants.
[2] Any reference to the FDCPA or any part thereof encompasses all relevant parts and subparts of each statute.

-1-

Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

2. Plaintiff **MEGAN CALHOUN JONES** (**hereinafter "Plaintiff"**) is a natural person who is a resident of Alabama.

3. Defendant **MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "Defendant")**, is a debt collection firm that engages in the business of debt collection. Its principal business purpose is the collection of defaulted debts, and it uses various instruments of interstate commerce to accomplish debt collection including sending letters, calling on the phone, credit reporting, filing of lawsuits, etc.

4. **Fictitious Defendants "A", "B" and "C"** thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the Complaint; names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

5. Any reference to any **Defendant** refers to all **Defendants** and **Fictitious Defendants**.

## JURISDICTION

6. Personal jurisdiction exists over **Defendant** as **Defendant** has the necessary minimum contacts with the State of Alabama and this suit arises out of **Defendant's** specific conduct with **Plaintiff** in Alabama. All the actions described in this suit occurred in Alabama.

## VENUE

7. Venue is proper as **Defendant** does business in this judicial district.

## FACTUAL ALLEGATIONS

8. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

    (a)  There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.
    (b)  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
    (c)  **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.
    (d)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
    (e)  It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection**

> **practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

9. **Plaintiff** allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. **Defendant** is considered a "debt collector" and began engaging in debt collection activities against **Plaintiff**.

11. The primary and principal business of **Defendant** is to collect alleged defaulted debts.

12. At the time that **Defendant** received the alleged debt of **Plaintiff**, the alleged debt was in default.

13. **Defendant** claimed **Plaintiff** owed **Defendant** money.

14. **Defendant** began collection activities against **Plaintiff.**

15. **Plaintiff** sent a letter to **Defendant** which was received on **January 2, 2024**.

16. As is **Plaintiff's** right under the FDCPA and Regulation F, **Plaintiff** instructed **Defendant** that only communication by text or email was convenient and all other forms of communication were not convenient (such as a letter from **Defendant**) and gave **Plaintiff's** cell phone number (for texting purposes) and email address.

17. Despite this clear instruction, and in an attempt to intimidate, harass, and oppress **Plaintiff**, the **Defendant** sent **Plaintiff** letters which are communications about the debt and were attempts to collect the debt, both letters are dated **January 8, 2024**.

18. These letters were sent to confuse, harass, and deceive **Plaintiff**.

19. **Defendant** lied under the FDCPA (and violated the FDCPA) when both letters stated, "We understand that you are inquiring about or requesting documentation about the accuracy of our records concerning this account. After reviewing the information you provided, our account notes, and information provided by the previous creditor, with an address of P.O. BOX 965033 ORLANDO, FL 32896, we have concluded that our information is accurate. In addition, the information has been accurately submitted to credit reporting agencies to update the previously reported status. Please note that it typically takes 30-45 days for the credit reporting agencies to update your account. We have also enclosed documents regarding the account."

20. This was untrue as **Plaintiff's** letter clearly stated, "Please note I do NOT want you to send me any information – I simply want you to know that I dispute any debts you claim to have on me. This is not a request for validation or verification. I am not interested in you sending me any documentation. I'm trying to be clear – do not send me any documentation through the mail as

receiving mail from you (especially at my home address below) is inconvenient to me."

21. All of the above-described actions by **Defendant** and collection agents of **Defendant** were made in violation of the FDCPA as alleged below in the Count.

22. The conduct of the **Defendant** has proximately caused **Plaintiff** damages.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

23. The acts and omissions of **Defendant** and its agents constitute numerous and multiple violations of the FDCPA (and Regulation F) with respect to **Plaintiff**, including, but not limited to, violations of 1692c, 1692c(a), 1692c(a)(1), 1692d, 1692e, 1692e(10), 1692f and 1692f(1) along with Regulation F related to these sections and communication between debt collectors (such as **Defendant**) and **Plaintiff**.

24. As a result of **Defendant**'s violations of the FDCPA, **Plaintiff** is entitled to damages and reasonable attorney's fees and costs from **Defendant**.

## PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED, Plaintiff** prays that judgment be entered against **Defendant** for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**/s/ Patricia S. Lockhart**
Patricia S. Lockhart (LOC023)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(256) 276-2527
patricia@wattsherring.com
**Attorney for Plaintiff**

**/s/ John G. Watts**
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

-9-

**Serve defendant via certified mail at the following address:**

**MIDLAND CREDIT MANAGEMENT, INC.**
**c/o CORPORATION SERVICE COMPANY INC**
**641 SOUTH LAWRENCE STREET**
**MONTGOMERY, AL 36104**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-901254.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**MEGAN CALHOUN JONES V. MIDLAND CREDIT MANAGEMENT, INC.**

**NOTICE TO:** MIDLAND CREDIT MANAGEMENT, INC., C/O CORP SERVICE CO INC 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JOHN GRIFFIN WATTS,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

MEGAN CALHOUN JONES
*[Name(s)]*

03/22/2024   /s/ JACQUELINE ANDERSON SMITH   By:
*(Date)*   *(Signature of Clerk)*   *(Name)*

☑ Certified Mail is hereby requested.   /s/ JOHN GRIFFIN WATTS
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____.
*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

Document left:
☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
MEGAN CALHOUN JONES V. MIDLAND CREDIT MANAGEMENT, INC.

01-CV-2024-901254.00

To:   CLERK BIRMINGHAM
      clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $16.42

Parties to be served by Certified Mail - Return Receipt Requested


Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested
MIDLAND CREDIT MANAGEMENT, INC.                                    Postage: $16.42
C/O CORP SERVICE CO INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104


Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   MIDLAND CREDIT MANAGEMENT, INC.
   C/O CORP SERVICE CO INC
   641 SOUTH LAWRENCE STREET
   MONTGOMERY, AL 36104

   9590 9402 8593 3244 9692 48

2. Article Number (Transfer from service label)

   9589 0710 5270 0722 9296 62

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

CV-24-901254

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

9589 0710 5270 0722 9296 62

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

Certified Mail Fee $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage $

Total Postage and Fees $

Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

Postmark Here

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    MIDLAND CREDIT MANAGEMENT, INC.
    C/O CORP SERVICE CO INC
    641 SOUTH LAWRENCE STREET
    MONTGOMERY, AL 36104

    9590 9402 8593 3244 9692 48

2. Article Number (Transfer from service label)

    9589 0710 5270 0722 9296 62

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

   *Kelly Webster*   ☒ Agent   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery: 4-3-24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

   CV-24-901254

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Mail
   ☐ Mail Restricted Delivery
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☒ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

**USPS TRACKING #**



9590 9402 8593 3244 9692 48

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



United States Postal Service

FILED IN CIRCUIT CIVIL OFFICE DIVISION
APR 08 2024
JACQUELINE ANDERSON SMITH
CLERK

* Sender: Please print your name, address, and ZIP+4® in this box*

JACQUELINE ANDERSON SMITH, CLERK
ROOM 420 JEFFERSON CO. COURTHOUSE
716 RICHARD ARRINGTON JR. BLVD., NO.
BIRMINGHAM, ALABAMA 35203